C. L. Gray Lumber Co. v. Otto Scharmer, 198 Ill. App. 193.

DANIEL S. WENTWORTH, DAVID B. MALONEY and JOHN P. REED, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

---

**C. L. Gray Lumber Company, Appellee, v. Otto Scharmer, trading as Scharmer Construction Company, Appellant.**

**Gen. No. 22,016.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 7, 1916.

### Statement of the Case.

Action by C. L. Gray Lumber Company, plaintiff, against Otto Scharmer, trading as the Scharmer Construction Company, defendant, for refusal by defendant to take lumber, according to an agreement, to be furnished by plaintiff. From a judgment in plaintiff's favor, defendant appeals.

There were several letters between the parties leading up to the final order of March 27, 1913, which was sued on and is as follows:

"March 27th, 1913.

"C. L. GRAY LUMBER CO.,

"MERIDIAN, MISS.

"GENTLEMEN:—

We herewith place an order with you for 300,000 Ft. 3x6 at $21.50 per M. F. O. B. Cars Chicago, to be 12-14-16 feet long. This is for prospective work and we do not know the exact lengths in quantities we will

need. This is to be held subject for call within six months.

"OTTO SCHARMER.

"Agreed

"(Signed) C. L. GRAY LUMBER Co., per

"C. L. GRAY.

"Note: Any slight difference in the amount of quantity used more or less to be adjusted at the above price."

The court refused to admit the evidence of Scharmer's bookkeeper, Miss Crane, as to a conversation between Scharmer and Gray. The alleged conversation was said to have taken place some two months after the contract was made. According to Scharmer, he only expressed doubt as to his ability to order lumber, as he was short of work.

GUSTAV E. BEERLY, for appellant.

ARCHIBALD CATTELL, for appellee; CARL A. WALDROM, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 16*—*when order for goods definite in terms.* A letter from defendant to plaintiff ordering lumber in the light of previous letters of the parties and the testimony of witnesses, *held* to be definite enough to disclose a cause of action, in particulars of quantity, price, time of delivery and character of materials.

2. CONTRACTS, § 198*—*when meaning of trade terms may be explained by experts.* The meaning of trade terms used in letters or contracts may always be explained by persons experienced in the particular business.

3. CONTRACTS, § 377*—*when evidence inadmissible to aid in construction of contract.* Where testimony of a third person as to a conversation between plaintiff and defendant subsequent to the making of the contract sued on would corroborate defendant's testimony but would not modify, change or aid construction of such contract, it was not error to refuse admission of such testimony.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.